Adams, J.
In the case of the State of Ohio ex rel. Thomas-Vining v. *41 The Commissioners of Delaware county, and in some twenty-five other cases submitted with it, there are motions to dismiss the appeal. These are all proceedings in mandamus.
In cases Nos. 236,237,238,289,240, and in 263 and 264, these motions are filed on two grounds, 1st. That the action is not an appealable one; and 2nd. That no bond was given for an appeal. In the remaining cases, being numbers 245 to 262 inclusive, the motion contains the first ground only, that is, that the case or action is not appealable. And as that first ground is common to all these cases, it will be disposed of first.
We may say here, that it seems to this court, that it is more important that this question, which is a question of practice only, and not one of principle, should be finally settled; more important, that it should be finally settled than that it should be settled in either way, because, if it is once settled either way, parties can preserve their rights; if not appealable, they can preserve their rights by proceedings in error,
The argument made here, that such proceedings in mandamus are not appealable, involves the construction of the section of the statute, relating to mandamus, and sec. 5226, of the Revised Statutes.
Sec. 5226 provides, that
“in addition to the cases and matters specially provided for, an appeal may be taken to the circuit court by a party or other person directly affected, from a judgment or final order in a civil action.’’
The claim is made here, and correctly, that in the chapter relating to mandamus, there is no provision for an appeal; and the further argument is made, that the proceeding in mandamus is not a civil action, within the meaning of sec. 5226, and that, therefore, the case is not appealable.
We are cited to the case of 32 Ohio St., Chinn v. Trus *42 tees, page 236, where the Supreme Court hold, that the civil action of the code ib a substitute for all such judicial proceedings as were previously known, either as actions at law or suits in equity, and does not embrace proceedings in mandamus. There is, in this state, no statutory limitation as to the time within which a writ of mandamus may be obtained. And the holding there is, that the statute of limitations does not apply to a proceeding in mandamus, because the proceeding in mandamus is not a civil action.
That case, and the decision announced,- — perhaps last week, by Judge Summers, speaking for the Circuit Court of the second circuit, in Law Bulletin, December 13, 1897, where that court holds directly, that mandamus is not a civil ation and is not appealable, are the authorities relied upon in support of this motion.
On the other hand, we have in 42 Ohio St., page 215, a holding by the Supreme Court to this effect, and I read the first paragraph of the syllabus,
“In mandamus in the court of common pleas to compel the council of an incorporated village to order an election on the question of a surrender of its municipal powers, under the -provisions - of the Rev. Stats., secs. 1633 to 1647, the issue was whether the requisite number of qualified petitioners had petitioned the council therefor. Held: That this was an issue not of right triable by a jury, and either party might appeal from the judgment of the common pleas thereon. ”
It is stated in argument, and I think it is apparent from an examination of the opinion in that case, that the only question discussed in the opinion, is, whether or not the issue was of right triable by jury. But the syllabus of the case is the rule of law that is concurred in by all the judges sitting in the case. And they do make the direct holding that an appeal lies in a mandamus proceeding, from the common pleas court to the then district court, as it would bow be to the circuit court.
*43 The motion for leave to file a petition in error to the district court in that case was overruled.
Now, if mandamus cases are not appealable, the district court and the circuit court have no jurisdiction of the subject matter of the mandamus proceedings on appeal. So that, if the rule is as-contended for here, in support of this motion, the judgment of the district court in that case, was a nullity for want of jurisdiction, and the same might be said of the judgment of the supreme court denying the motion for leave to file petition in error.
Again, we are shown the record of a case disposed of by this circuit court, in Licking county, at the March term, 1892, which was an action commenced in the common pleas court, to compel the commissioners of Licking county, by a peremptory writ of mandamus to rebuild and keep in repair a bridge. After a trial in the common pleas court, the writ was made peremptory. The commissioners appealed to the circuit court, and a motion was there made to dismiss the appeal, on the ground that the action was not appealable. The circuit court overruled that motion, and on a final hearing, — I believe it was on a demurrer to the petition — 4he court decided in favor of the commissioners, and refused the .writ of mandamus. Error was prosecuted to the supreme court, and one of the assignments of error in the petition in error, was the overruling of the motion to dismiss the appeal. That case is found in the list of cases not reported in full, in 54Ohio St., 652, and the judgment was affirmed on the authority of State ex rel. v. Commissioners, 49 Ohio St., 301. Now, it is likewise apparent in this case —in the Licking county case — that if appeal does not lie in mandamus proceedings, that the judgment of the circuit court was a nullity for want of jurisdiction over the subject matter of the suit. And carrying that out logically, although the circuit court and supreme court have held that the county commissioners should not be compelled by man *44 damus, to rebuild or repair the bridge; there is still the judgment of the court of common pleas in full force, unreversed and unmodified, compelling them todo that very act.
The case in the 49 Ohio St., 801, is a case that went up from Hamilton county. The statement of facts in that case, shows that it was a mandamus proceeding; that the case was appealed from the common pleas court to the circuit court. See also, 51 Ohio St.,83-86, and 54 Ohio St., 383-386. This case, 54 Ohio St., 383, was a mandamus case. The common pleas of Franklin county found for the respondents. On appeal, the circuit court found for the relator. On error, the supreme court reversed the circuit court, and remanded the case to circuit court for a new trial, or such other disposition as the facts and law of the case may warrant. It is true, that' we have no discussion either in the Licking county case, or in this 49 Ohio St. case, as to the reasons given by the supreme court for their judgment, In this case decided by the second circuit, with Judges Williams, Stewart and Shauck, on the bench, 1 0. 0. page 127, Judge Shauck after very ably and at length arguing to the effect that the mandamus proceeding is not appealable, feels compelled to follow the decision to which I have referred, 42 Ohio St., 215; and although that circuit court followed the decision of the supreme court in 42 Ohio St., as it were under protest, yet their judgment, which would be a nullity of the case was not appealable, was affirmed by the supreme court, as shown by 23 Law Bulletin, 235.
And then again, we have in 48 Ohio St., case of State ex rel. v. Crites, Auditor, on page 175, the so-called dictum, that “in view of the express provisions of the statute, it is difficult to see wherein a proceeding in mandamus differs in any material respect from a civil'action, or even in any respects, except in name.”
While we entertain the very highest opinion of the learn *45 ing and ability of the judges who have recently decided in the second circuit, that proceedings in mandamus are not appealable, and while, doubtless, if it were an open question on the reasonable construction of these statutes, we would feel inclined to follow that decision, yet, this court as now constituted, has held, in line with this case in 42 Ohio St., page 215. This court, in 1892, in the Licking county case, made the express holding that proceedings in mandamus are appealable. The supreme court, in the six cases that I have referred to, have made in effect the direct_ holding that an appeal does lie in mandamus. Whether they have given the best reasons for that holding or not, is another question, but they have made the holding in these six cases, that an appeal will lie in mandamus. And we have no doubt that a great many other cases could be found, like this Licking county case, that have been decided by the supreme court without report, where appeals in mandamus have been upheld.
That being the state of the decisions in Ohio, on the subject of whether an appeal will lie in mandamus or not,' we are content to follow our former holdings, to follow the holdings of the supreme court, until the supreme court sees fit to overrule its former holdings and reverse this court.
There is another question made; that is, admitting that some proceedings in mandamus are appealable, others are not. And the point is made in these two cases, 263 and 264, where it was sought by mandamus to compel the county treasurer to pay certain warrants. An argument is made, that the writ is simply to obtain the payment of money, and that, therefore, it is an action for money only, and that it would follow from that, that there would be a trial by jury, and, therefore, the action is not appealable. But even in that case, we think and hold, that there is a wide distinction between a peremptory writ ordering ,an officer to pay money, and a judgment for money only. The *46 effect is, and might be the same, and the party seeks to obtain the payment of money; but the particular relief that is sought in the mandamus case, is different from the money judgment. The enforcement of the order, would be through different means and different processes.
James B. Lytle, MoElroy & Carpenter, for the motions.
Geo. Coyner, Pros. Att’y., Jones & Jones, contra.
There is the further question made in some of these cases where the bond has not been given, and that involves the construction of sec. 5228. Sec. 5228, provides that, “a party in any trust capacity, who has given bond in this state with sureties according to law, shall not be required to give bond and security to perfect an appeal.”
Prior to the revision of 1880, and so far as we have been able to trace the statute from 50 O. L., p. 93, down to the revision of 1880, (See Swan & Critchfield, p. 1167, sec.6), executors, administrators and guardians, were the only trustees who were exempt from the necessity of giving bond.
On this question I speak for a majority of the court only. A majority of the court is of the opinion, and so holds, that sec. 5228, as it now reads, “A party in any trust capacity, ” must be construed in the light of the provision as it stood before the revision. Before the revision it stood, executors, administrators and guardians. That the enlargement by the phrase; “parties in any trust capacity,” would only include trustees of the same class as executors, administrators and guardians, and is not broad enough to include public officers, such as county commissioners and county treasurers.
It therefore follows, that the appeals will be dismissed in cases Nos. 236,237,238,239,240 and 263 and 264, because no appeal bond has been given. In cases from 245 to 262 inclusive, where the bond has been given, the motions to dismiss the appeal are overruled.